UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Charles Jay Wolff

    v.                                                  Case No. 19-cv-146-JL

New Hampshire Department of
Corrections et al.[1]


**REPORT AND RECOMMENDATION**


     Before the court is Plaintiff Charles Jay Wolff's complaint (Doc. No. 1) and addenda to the complaint (Doc. Nos. 5, 6, 11,

---

[1] Plaintiff names the following defendants to this action: the New Hampshire Department of Corrections ("DOC"); the New Hampshire State Prison ("NHSP"); and the following current and former DOC and/or NHSP employees: Jeff Perkins, former Food Services Director ("FSD"); Todd Shaheen, former FSD; Rebecca Harding, former/retired NHSP (non-certified) librarian; Corrections Officer ("CO") Subrina Berinski; Paula Mattis, Director, DOC Medical and Forensic Services; Cpl. Susca, whose first name is unknown ("FNU"); former Sgt. Lusan Susca; Ryan Landry, RNC; Marie McCanna, former/retired RNC; Dr. Robert McCloud, former DOC Medical Director; Deborah Sawyer, RN; Jane Dillion, RN; Steve, whose last name is unknown ("LNU"), physical therapist; Laura Hardwick, Principal, Education Department; Lucy Biliodu, former/retired Unit Manager; Dr. David Freeman; Joyce Leaka, former Medical Records Clerk; Dr. Jeffrey C. Fetter; Robert McGrath, former/retired Unit Manager; Alexa LNU, Clerk Supervisor, Dental Department; Robert Heath, FSD; Helen Hanks; Maj. Jon Fouts; Sgt. Cheryl St. Peter (now Surette); Lt. James Joseph Brown; Bernadette Campbell, physical therapist; Tim Popovich, RD; Christopher H. Kench; Dr. Celia Ann Englander; Robert Kroll; Sgt. David Honeman; Dr. Edward Dransite, former dentist; Mrs. Ann Davis; Capt. Gary Burke; Cpl. FNU Raposa, Mailroom; CO Tammy McCloud, Mailroom; CO Victoria Lamontagne; Dr. David Potensa; FNU McDonald, Canteen; Paul LaFlame, former civilian line server; and Elizabeth Kisis.

15), filed pursuant to 42 U.S.C. § 1983.  In this action, Wolff, a New Hampshire Department of Corrections ("DOC") inmate housed at the New Hampshire State Prison ("NHSP"), asserts that the DOC, the NHSP, and a number of DOC/NHSP employees, have violated his rights under federal law.  The matter is before the court for preliminary review pursuant to 28 U.S.C. § 1915A(a) and LR 4.3(d)(1).[2]

Also pending in this case are the following motions Wolff has filed, which are addressed in this Report and Recommendation ("R&R"):

- Motion for a search/seizure warrant (Doc. No. 10);

- Motion for a no-contact order and for court-appointed counsel (Doc. No. 12); and

- Motion for an emergency hearing (Doc. No. 13).

**Background and Claims**

Wolff is a seventy-three year old NHSP inmate who states that he is a permanently and totally disabled Vietnam-era veteran.  Seeking injunctive and other relief, Wolff seeks to bring claims against a number of prison officials, asserting

---

[2]In addition to the complaint and documents previously identified as complaint addenda, the court construes the factual assertions Wolff has made in Document Nos. 10 and 12-14 as complaint addenda, and considers those assertions in conducting preliminary review in this matter.

that:

- He has been denied access to a prison job when other inmates have been provided with prison jobs, in violation of his Fourteenth Amendment equal protection rights;

- He has been prevented from attending hobbycraft by inmates and prison officials harassing him because he is disabled and/or in a wheelchair;

- He has been denied adequate medical care (including evaluation, surgeries, medication, and other treatment) for his medical conditions, which include: pain and other problems in his hips, knees, neck, clavicle, and shoulder; cataracts; acid reflex; high blood pressure; diabetes; and unspecified heart problems.

- He was denied necessary emergency and/or outside medical care on two occasions in January 2017;

- Prison dental providers have harmed his teeth and denied him adequate dental reconstruction;

- He has been denied three meals a day which adequately meet his nutritional, medical, and religious requirements;

- He has been improperly admitted to the DOC's Secure Psychiatric Unit;

- His incoming legal mail has been seized and his outgoing legal mail has not been sent out;

- He was injured when a CO pulled him out of a car by his handcuffs;

- Lt. James Joseph Brown and a Unit Manager have aided inmates in stealing Wolff's property;

- His family members, in 1996, committed fraud against him by stealing a Veterans Administration benefits

> check in the amount of $37,985 intended for Wolff; and

- His criminal conviction underlying his present incarceration was improperly obtained.

**Preliminary Review**

I. Standard

The court conducts a preliminary review of prisoner complaints filed by inmates seeking relief from government agents. See LR 4.3(d)(1); see also 28 U.S.C. § 1915A. In considering whether a pro se complaint states a claim, the court construes the pleading liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). The court then determines whether, stripped of legal conclusions, and with all reasonable inferences construed in plaintiff's favor, the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). Claims may be dismissed, sua sponte, if the court lacks jurisdiction, a defendant is immune from the relief sought, or the complaint fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915A(b); LR 4.3(d)(1)(A).

II. Claims Challenging Conviction and/or Seeking Release

Wolff challenges the validity of the criminal conviction

4

underlying his present incarceration on a number of grounds, including error by the trial judge and ineffective assistance of counsel.  "'[A] prisoner in state custody cannot use a [42 U.S.C.] § 1983 action to challenge the fact or duration of his confinement.  He must seek federal habeas corpus relief (or appropriate state relief) instead.'"  González-Fuentes v. Molina, 607 F.3d 864, 873 (1st Cir. 2010) (quoting Wilkinson v. Dotson, 544 U.S. 74, 78 (2005)).  Accordingly, Wolff cannot challenge his conviction in this civil action, and the district judge, therefore, should dismiss Wolff's claims based on the wrongfulness of his conviction.

III. Claims Alleging Criminal Conduct

Wolff alleges that in 1996, a number of his family members acted together to steal a $37,985 check issued to Wolff by the United States Department of Veterans Affairs ("VA").  Wolff also alleges that certain inmates, assisted by DOC/NHSP officers, have stolen property and evidence from his cell.  It appears that Wolff is asking this court to have the individuals responsible for these alleged thefts held criminally responsible for that conduct.

"'A private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.'"  Diamond v.

Charles, 476 U.S. 54, 64 (1986) (citation omitted).  Because Wolff lacks standing to compel the state to bring prosecutions for alleged violations of criminal laws, the district judge should dismiss all of the plaintiff's claims arising from the 1996 theft of his VA check and the alleged theft of property from his cell.

IV.  Claims Which May be Amended

   A.   Equal Protection

The Fourteenth Amendment Equal Protection Clause requires "that 'similarly situated persons are to receive substantially similar treatment from their government.'"  Kuperman v. Wrenn, 645 F.3d 69, 77 (1st Cir. 2011) (citation omitted).  To state an equal protection claim alleging that he was denied access to a prison job or to hobbycraft, when other inmates were allowed such access, Wolff must state facts sufficient to show that, as compared to others similarly situated, he was treated differently on an improper basis or without a rational basis for that different treatment.  See id. at 78.  Wolff's allegations, to date, are insufficient to so demonstrate.

Accordingly, in the Order issued this date ("Simultaneous Order"), the court gives Wolff the opportunity to amend his complaint to state an equal protection claim.  To do so, Wolff

6

must: 1) identify the individual(s) against whom he asserts this claim; and 2) state, with specificity, what the individual(s) did, or failed to do, which violated Wolff's right to equal protection.  Wolff, therefore, must assert specific facts showing how the identified defendants treated him differently than other inmates; whether those other inmates were similarly situated to Wolff in all relevant respects; and whether the defendants treated Wolff differently for an improper and/or discriminatory purpose, or without a rational reason for doing so.

    B.    <u>Americans with Disabilities Act</u>

Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132 ("ADA") provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."  <u>Id.</u>  That statute provides a cause of action to inmates who allege that a state prison has discriminated against them "on account of that individual's disability."  <u>Pa. Dep't of Corr. v. Yeskey</u>, 524 U.S. 206, 208, 213 (1998).  Wolff's allegations to date are insufficient to so demonstrate.

Accordingly, in the Simultaneous Order, the court gives Wolff the opportunity to amend his complaint to state an ADA claim. To do so, Wolff must: 1) identify the individual(s) responsible for the conduct upon which this claim is based; and 2) state, with specificity, what each such individual(s) did, or failed to do, which violated Wolff's rights under the ADA. Wolff, therefore, must assert specific facts: showing that he has a qualifying disability; stating how prison officials denied him access to hobbycraft or a prison job; and showing that such denial was the result of discrimination based on Wolff's disability.

C.  Inadequate Medical, Dental, and Mental Health Care

Wolff asserts that prison officials have denied him, and continue to deny him, adequate medical, dental, and mental health care. To state an Eighth Amendment claim challenging the adequacy of prison medical, dental, and mental health care services, Wolff must allege facts to show that prison officials, acting with deliberate indifference, denied him adequate care and treatment for his serious medical, dental, and/or mental health needs. See Brown v. Plata, 563 U.S. 493, 545 (2011) (recognizing that inmates have a right to adequate medical and mental health care under the Eighth Amendment); Edmo v. Corizon,

Inc., 935 F.3d 757, 785 (9th Cir. 2019) ("Serious medical needs can relate to 'physical, dental and mental health.'" (citation omitted)).

That standard contains an objective component and a subjective component. See Zingg v. Groblewski, 907 F.3d 630, 635 (1st Cir. 2018). The objective component may be established by allegations regarding an unmet serious medical, dental, or mental health need. See Miranda-Rivera v. Toledo-Dávila, 813 F.3d 64, 74 (1st Cir. 2016). The subjective component requires the plaintiff to demonstrate that the defendant prison official acted with deliberate indifference to the plaintiff's health or safety. See id. "Deliberate indifference requires (1) that 'the official ... be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists,' and (2) that he draw that inference." Id. (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)).

Wolff's allegations, to date, are insufficient to state a claim of a violation of his Eighth Amendment rights based on inadequate medical, dental, or mental health care. In the Simultaneous Order, the court gives Wolff the opportunity to amend his complaint to state such claims. To do so, Wolff must: 1) identify the individual(s) against whom he wishes to assert each of those claims; 2) describe his serious medical, dental,

and mental health conditions and needs; 3) state, with specificity, what each such individual(s) did, or failed to do, which violated Wolff's right to adequate care; and 4) state, with specificity, what facts demonstrate that such individual(s) acted with deliberate indifference to Wolff's serious medical, dental, and mental health needs.

### D. Inadequate Nutrition

Wolff asserts that prison officials failed to provide him with three daily meals that met his nutritional, medical, and religious needs. "The Eighth Amendment prohibition against cruel and unusual punishment requires 'nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it.'" Abreu v. Lipka, 778 F. App'x 28, 33 (2d Cir. 2019) (citation omitted). Wolff's allegations, to date, are insufficient to state an Eighth Amendment claim upon which relief can be granted, based on inadequate nutrition.

In the Simultaneous Order, the court gives Wolff the opportunity to amend his complaint to state an Eighth Amendment claim alleging inadequate nutrition. To do so, Wolff must: 1) identify the individual(s) against whom he wishes to assert this claim; and 2) state, with specificity, what each such

individual(s) did, or failed to do, which violated Wolff's right to a nutritionally adequate diet.  Wolff, therefore, must assert specific facts showing how any particular individuals he identifies, knowing that Wolff faced a significant risk of serious harm to his health or safety, denied him inadequate nutrition.

### E. Mail Interference

"[A] prisoner's right to the free flow of incoming and outgoing mail is protected by the First Amendment." Davis v. Goord, 320 F.3d 346, 351 (2d Cir. 2003).  Incoming legal mail may be regulated only if the regulation is "reasonably related to legitimate penological interests." Thornburgh v. Abbott, 490 U.S. 401, 404 (1989).  "An inmate's outgoing mail is afforded greater First Amendment protection than incoming mail, and restrictions are justified only if they further 'one or more of the substantial governmental interests of security, order, and rehabilitation.'" Acevedo v. Fischer, 12 Civ. 6866(RA)(AJP), 2015 WL 7769486, at *5, 2015 U.S. Dist. LEXIS 162027, at *12-*13 (S.D.N.Y. Dec. 2, 2015) (quoting Davis, 320 F.3d at 351).  Further, restrictions on outgoing mail "'must be no greater than is necessary or essential to the protection of the particular

11

governmental interest involved.'"  Acevedo, 2015 WL 7769486, at *5, 2015 U.S. Dist. LEXIS 162027, at *13 (citation omitted).

Wolff's allegations that certain individuals interfered with his mail are insufficient to state a claim upon which relief might be granted.  In the Simultaneous Order, the court gives Wolff the opportunity to amend his complaint to state First Amendment claims based on interference with his mail.  To do so, Wolff must: 1) identify the individual(s) against whom he asserts this claim; and 2) state, with specificity, what each such individual(s) did, or failed to do, which violated Wolff's First Amendment rights relating to his mail.

### F. Excessive Force

Wolff alleges that he was injured when CO Lightner removed Wolff from a vehicle by pulling Wolff from the vehicle by his handcuffs.  Under the Eighth Amendment, an excessive force claim "'has two components -- one subjective, focusing on the defendant's motive for his conduct, and the other objective, focusing on the conduct's effect.'"  Staples v. Gerry, 923 F.3d 7, 13 (1st Cir. 2019) (citations omitted).  As to the objective component, Wolff must show that "the alleged wrongdoing was objectively harmful enough to establish a constitutional violation."  Id. (internal quotation marks and citations

omitted). "The subjective prong turns on 'whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.'" Id. (citations omitted).

Wolff has alleged that CO Lightner removed him from a vehicle by pulling his handcuffs, and that as a result he was injured. Those assertions are insufficient to state an Eighth Amendment excessive force claim. In the Simultaneous Order, the court gives Wolff the opportunity to amend his complaint to state such a claim. To do so, Wolff must state, with specificity, facts which demonstrate that CO Lightner acted with a sufficiently malicious mental state to be liable for cruel and unusual punishment under the Eighth Amendment.

**Motions**

I.  Relief Requested

In his pending motions and complaint addenda (Doc. Nos. 10, 12, 13, 15), Wolff asks the court to:

   1.  Issue a search and seizure warrant to allow Wolff to obtain his DOC offender file;

   2.  Issue an order preventing Lt. Brown from contacting Wolff or putting Wolff into "a locked room in HSAS with [no] way to contact anyone i[n] a medical emergency as a chronic cardiac and medical patient";

   3.  Issue an order preventing CO Rodriguez from contacting

    Wolff because CO Rodriguez removed 233 meals from Wolff's cell which Wolff was keeping as evidence, and because CO Rodriguez has been "a thorn in [Wolff's] side";

    4.    Effect a lifetime revocation of Dr. Celia Ann Englander's medical license, and Nurses Amanda Currier's, Stephanie Donahue's, Brad Bowen's, Tina LNU's, and Heather LNU's nursing licenses;

    5.    Direct the defendants to provide Wolff with an outside health evaluation and outside emergency care, with United States Marshals Service officers, rather than DOC officers, guarding him;

    6.    Direct the defendants to place Wolff in protective custody to protect his property and evidence;

    7.    Grant him relief from his criminal conviction;

    8.    Appoint counsel to represent him in this matter; and

    9.    Schedule a hearing on these motions.

## II.  Injunctive Relief

"'A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" Glossip v. Gross, 135 S. Ct. 2726, 2736 (2015) (citation omitted). Irreparable harm and the likelihood of success weigh most heavily in the analysis. See Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 22 (2008); Voice of the Arab World, Inc. v. MDTV Med. News

14

Now, Inc., 645 F.3d 26, 32 (1st Cir. 2011) (citing 11A Charles Alan Wright, Arthur Miller & Mary Kay Kane, Federal Practice and Procedure § 2948 (2d ed. 1995). The burden of proof is on the movant. See Esso Std. Oil Co. v. Monroig-Zayas, 445 F.3d 13, 18 (1st Cir. 2006). "'[T]he sine qua non'" of the preliminary injunction "'inquiry is likelihood of success on the merits: if the moving party cannot demonstrate that he is likely to succeed in his quest, the remaining factors become matters of idle curiosity.'" Sindicato Puertorriqueño de Trabajadores, SEIU Local 1996 v. Fortuño, 699 F.3d 1, 10 (1st Cir. 2012) (per curiam) (citation and alterations omitted).

Wolff has not, to date, stated any claim upon which relief might be granted. Wolff, therefore, cannot demonstrate at this time that he is likely to succeed on the merits of the claims raised in this action. Accordingly, the district judge should deny Wolff's requests for injunctive relief without prejudice to Wolff's ability to request such relief, as appropriate, if he amends his complaint to state one or more claims upon which relief might be granted and satisfies the remaining requirements for obtaining such relief.

III. Court-Appointed Counsel

In Document No. 12, Wolff seeks the appointment of counsel

to represent him in this case.  "There is no absolute constitutional right to a free lawyer in a civil case." DesRosiers v. Moran, 949 F.3d 15, 23 (1st Cir. 1991).  This court may deny a motion to appoint counsel for an indigent plaintiff in a civil case unless there are "exceptional circumstances present such that a denial of counsel [would be] likely to result in fundamental unfairness impinging on his due process rights."  Id.  "To determine whether there are exceptional circumstances sufficient to warrant the appointment of counsel, a court must examine the total situation, focusing, inter alia, on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself." Id. at 24.

Wolff has failed to make the requisite showing of exceptional circumstances to warrant the appointment of counsel at this time.  Accordingly, the district judge should deny Wolff's request for court-appointed counsel, asserted in Document No. 12, without prejudice to Wolff's ability to refile his request if changed circumstances warrant such relief in the future.

## Conclusion

For the foregoing reasons, the district judge should: 1)

16

dismiss Wolff's claims arising out of or related to the 1996 theft of Wolff's VA check or the alleged theft of evidence from his cell, or challenging the validity of his criminal conviction and/or incarceration; and 2) deny Wolff's pending motions (Doc. Nos. 10, 12, 13) for injunctive relief and the appointment of counsel.  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.  Failure to file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

January 2, 2020

cc:  Charles Jay Wolff, pro se